(Licking County Common Pleas.)
September Term, 1897.

WILLIAM D. FULTON et al. v. J. J. DOTY et al.

(1). A lease of a hotel building for five years, not attested, acknowledged and recorded as provided by sec. 4106, R. S., is void as such, and a lien on the goods placed in such building by the lessee reserved in such lease in favor of the lessor for the rent, is therefore also void.

(2). The verifying of such instrument and filing same with the recorder as a chattel mortgage, did not operate as a lien on the goods as against susbequent chattel mortgages.

(3). The clause in the lease attempting to create a lien on the goods did not operate as a chattel mortgage nor as a conveyance by way of mortgage of the property, and was not within the provisions of the statute regulating chattel mortgages and bills of sale.

---

WICKHAM, J.

This is an action brought by the plaintiffs to enforce a lien on the furniture and other personal property situated in the hotel known as the

Doty House in Newark, against the defendants, who claim to own the property, and that they are entitled to the possession as mortgagees of the former owner and proprietor of the Doty House, J. J. Doty.

On the filing of the petition, and an application being made by the plaintiffs, the court allowed a temporary injunction, restraining the defendants rom removing the property from the Doty House, and disposing of the same, and appointed a receiver to take charge of the property.

A motion was thereupon filed by the defendant — mortgagees — to discharge the receiver and dissolve the temporary injunction, heretofore allowed, on the grounds set out in the motion.

Some of the undisputed facts, are, that on February 1, 1897, the plaintiffs entered into a written agreement with the said Doty to rent to him the house and its appurtenances, known as the Doty House, for the period of five years, at a rental of eighteen hundred dollars for the first year, and nineteen hundred dollars per year for the remaining four years.

That about April 1, 1897, the said Doty went into possession of the premises, purchased a large amount of hotel furniture, consisting of all kinds of property necessary for use in a hotel; and continued to conduct the house as a hotel until about October 2, 1897, when he abandoned the premises and left the country.

That the written agreement entered into between the plaintiffs and the said Doty was not attested by subscribing witnesses, nor acknowledged, as required by sec. 4106, Rev. Stat.

That the said written agreement was never filed for record in the recorder's office of Licking county; but was kept in the possession of the plaintiffs until September 1, 1897, when an affidavit was written upon said agreement, stating that the lessors had a valid claim upon the said lessee, Doty, amounting to $895.00: that the said claim is just and unpaid, etc.

Whereupon, the written instrument was filed with the recorder of Licking county as a chattel mortgage, and

placed on file by him among the chattel mortgages.

That on April 3, 1897, the said Doty executed a chattel mortgage on the greater part of the property owned by him to the defendants, Lewis P. Schaus, Harry Swisher, John J. Carroll and Walter Scott, to secure the payment to them of the sum of $3,000.

That afterwards, on September, 1897, the said Doty executed and delivered to the Newark Savings Bank Co., a chattel mortgage on all the goods located in said hotel and premises, to secure the sum of $1,322.58.

That afterwards, on September 28th, the said Doty executed and delivered to the defendants, Walter Scott and J. J. Carroll, a chattel mortgage on all the property above mentioned to secure payment of the sum of $600.

That on or about October 2, 1897, the said Doty delivered all of said property to the defendant mortgagees.

The plaintiffs claim a lien on the property, superior to the rights of the defendants as mortgagees, by virtue of a clause in the written instrument of lease, which clause reads as follows:

"It is further agreed, by and between the parties, that the parties of the first part are to have a lien on all the goods that are placed in the hotel by said party of the second part at the commencement of this lease, or that may be placed in said hotel during the continuance of this lease, for the payment of the rent above stipulated."

The plaintiffs further claim that they have a lien, upon all the property claimed by the defendants, by virtue of the written instrument, as a chattel mortgage; it having been verified and filed as a chattel mortgage, with the recorder of Licking county, as above stated, on September 18, 1897.

The defendants claim that the lease is absolutely void and of no effect either as a lease or chattel mortgage; and that therefore, the plaintiffs have no lien whatever upon the property claimed by them. And this question, we think, is the first to be considered by the court.

First: Have the plaintiffs a lien

[COPYRIGHT, 1899, BY CARL G. JAHN.]

upon the property claimed by the defendants, by virtue of the written instrument, and the clause therein purporting to convey a lien to the plaintiffs?

In Richardson v. Bates, 8 Ohio St., 257, which was an action brought to recover rent under a lease, substantially the same as the one in this case, the court say, at page 262:

"The instrument being neither attested nor acknowledged, according to the provisions of the statute so governing its execution, is defective as a lease, and of no binding obligation.

"It has been frequently held that a deed for the conveyance of the title of lands, attested by only one witness, or otherwise not being in accordance with the provisions of the statute, was defective, and insufficient to convey title in this state.

"The same doctrine being equally applicable to the instrument before us, it follows that the indenture was, by this statute, utterly inoperative to convey the term as a lease. The lessees took nothing by the instrument as a lease. Indeed, the defective nature of the instrument in respect to the requisites prescribed by sec. 1 of said Act (4106) is conceded by plaintiff's counsel."

And, on page 263, they say:

"The instrument being confessedly void by force of the first mentioned statute (4106), independent of the statute of frauds and perjuries, it must, if valid, derive its force and validity entirely from this statute."

The court then proceed to discuss the question whether the lease was made valid under the statute of frauds by part performance; holding that this could not be so, but that it was absolutely void.

This case, so far as we have been able to discover, has never been disturbed by a subsequent decision of our Supreme Court; unless by the decision of our Supreme Court, in a case recently decided, entitled Baltimore & Ohio R. R. Co. v. West, 57 Ohio St.,* the first paragraph of which is as follows:

"An entry under a lease for a term of years, at an annual rent, void for

*57 Ohio St., 161; 38 Bull., *295.

any cause, and payment of rent under it, creates a tenancy from year to year upon the terms of the lease, except as to its duration."

It is claimed by counsel for the plaintiffs that this language purports that a lease given for the term of five years, without being witnessed or acknowledged, if possession is taken under it, and payment of rent for a part of a year, makes the lease a valid and binding contract between the parties as to all its terms and stipulations for one year.

We have not the reported case before us, and, therefore, cannot tell how far the language of the syllabus is applicable to the case at bar.

Placing the construction claimed by counsel for the plaintiff on the language of the first paragraph of the syllabus just quoted, would be equivalent to saying that an entry under a lease for a term of five years, at an annual rent, void for any cause, and payment of rent under it, renders the lease a valid lease, and binding, upon all the parties as to all of its terms and conditions, except only as to its duration.

To say that an instrument is void, and at the same time valid for any purpose, is a contradiction in terms.

From the second and third paragraphs of the syllabus referred to, it seems to me that the holding of the Supreme Court in that case is that where possession is taken under a void lease, and payment of rent under it, it creates a tenancy from year to year, and that the amount of rent to be paid is determined by that agreed upon in the written instrument, purporting to be a lease; that the tenancy is not referable to the lease, but that the tenant holds as a tenant from year to year.

The second and third paragraphs are as follows:

"Where, after the expiration of the term, a tenant holds over, and pays rent for a part of another year, without any new agreement with the landlord, he becomes a tenant for that year at the same rent, and cannot terminate the tenancy before the end of the year without the landlord's consent."

"Third. The obligation of the ten-

ant to pay the rent for the year in such case, is not within the statute of frauds; the holding over being equivalent to a new entry."

That is, a new entry, on an implied agreement between the landlord and tenant to hold the premises another year, at the same rent, such as is always done in a tenancy from year to year, whether the original term was by virtue of a written or parole lease.

Applying the language of the syllabus referred to, to the lease in the case at bar, we find that the terms of the written instrument as to the payment of rent could not be carried out; for, it is stipulated that the said J. J. Doty should pay, for the first year, $1,800; and for the second, third, fourth and fifth years, $1,900 per year.

Suppose, for instance, Doty had held possession for one year, and had entered upon the second year. That he had paid the rent for the first year, and defaulted in the second year, could the plaintiff have recovered the additional rent for the second year?

Obviously not so, if, in the language of the court in the syllabus referred to, he held over as a tenant from year to year, at the same rent per annum.

The written instrument in the case at bar, besides purporting to create a lien upon all the goods to be placed in the Hotel Doty, by the said Doty, stipulated that the said J. J. Doty was to have the refusal thereof at the expiration of the lease, if the parties could agree on the rent; that the said Doty should not enter into the hotel business in any other place than Newark, Ohio, or call any other hotel in Newark, Ohio, the Doty House; that no intoxicating liquors should be allowed to be sold on the premises leased, etc.

Could it be claimed that these stipulations could be enforced against Doty, if he had violated them? And, if not, then the lease in question was not a valid and subsisting lease for one year.

I think that the lease in question, by reason of the fact that it was neither witnessed nor acknowledged, was void; and, being void, it created no lien upon the goods in favor of the plaintiffs, which were afterwards placed in the hotel by Doty.

Second. Did the written instrument operate as a chattel mortgage upon being filed with the recorder of Licking county?

In Shoenberger v. Mount, 1st Handy, 556, the court held that "an instrument of the same kind could not be considered a mortgage." They say: "It is obvious that the clause in the lease did not operate in law as a mortgage nor as a conveyance by way of mortgage of the property in question; and was not, therefore, within the provisions of the statutes regulating mortgages and bills of sale of personal property. It did not assume to convey the property itself, either absolutely or conditionally; nor did it create so much as a legal lien upon it, because possession is of the essence of a legal lien."

We think the same reasons in this case render the clause in the written instrument of no force and effect as a mortgage. No possession of the goods was ever taken under it; there was nothing in the cause that purported to convey any interest to the plaintiffs, and if the lease had been executed in accordance with the statute, it could have given the plaintiffs no right to the possession of the property upon default in the payment of rent by Doty. Besides, the property was acquired by Doty subsequently to the execution of the written instrument; and it has been held that a mortgage, executed in accordance with the statute, creates no lien upon after-acquired property.

Chapman v. Weimar & Steinbacher, 4 Ohio St., 481.

We are of the opinion that neither the instrument in the case at bar, nor the affidavit subsequently attached to it, and the filing thereof in the office of the recorder of this county, created any lien in favor of the plaintiffs upon the property belonging to Doty, and situated in the Doty House.

The motion may be sustained; the receiver discharged; the temporary injunction dissolved; and the plaintiffs'

petition dismissed, at the costs of the plaintiffs, including an allowance of $15.00 to the receiver for his services.

J. R. Flory and Fulton & Fulton, for plaintiffs.

J. M. Swartz and S. M. Hunter, for defendants.